J-A30037-14

2015 PA Super 175

APRIL CZIMMER,

               Appellee

          v.

JANSSEN PHARMACEUTICALS, INC.,

               Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 459 EDA 2014

Appeal from the Judgment Entered January 2, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: May Term 2011 No. 3459

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

DISSENTING OPINION BY PLATT, J.:         Filed: August 20, 2015

I respectfully dissent from the decision of the learned Majority to affirm the judgment.  Because I believe that the trial court's jury instructions and jury interrogatory on substantial factor causation violated Virginia law and constituted reversible error, I would vacate the judgment and remand for a new trial.

As the learned Majority acknowledges, the trial court and the parties agreed that Virginia law applied to the negligent failure to warn claim.  (**See** Majority Opinion, at 10).  Appellant specifically objected to the use of substantial factor language because Virginia has expressly rejected that language, and requested that the court use factual cause language instead,

---

[*] Retired Senior Judge assigned to the Superior Court.

as consistent with Virginia law. (**See** N.T. Charging Conference, 10/29/13, at 34). The trial court refused this request, and used both terms interchangeably, as detailed above by the Majority. (**See** Majority Opinion, at 13-14).

In **Boomer**, **supra**, the Supreme Court of Virginia examined the propriety of the use of substantial factor language and stated:

> In the last several decades . . . the "substantial contributing factor" instruction has become prominent in some other jurisdictions. "Substantial factor" language was also utilized in the Restatement (First) and Restatement (Second) of Torts. **The phrase "substantial contributing factor" is not grounded, however, in the jurisprudence of this Court: we have not, in the history of our case law, ever invoked this language**.
>
> **Considering it now for the first time, we find several problems with the substantial contributing factor instruction**. As an initial matter, the circuit court in this case never defined the term "substantial contributing factor" in its jury instructions. It is not clear whether it was meant to alter the proximate cause requirement in some way, such as reducing the cause-in-fact requirement by referring to a "contributing" factor rather than an independent but-for cause. The term substantial contributing factor could be construed to mean any cause that is more than a merely *de minimis* factor. Conversely, the invocation of the term "substantial" could be interpreted to raise the standard for proof of causation beyond a mere preponderance of the evidence to some more elevated standard. In sum, some jurors might construe the term to lower the threshold of proof required for causation while others might interpret it to mean the opposite. We do not believe that substantial contributing factor has a single, common-sense meaning, and we conclude that a reasonable juror could be confused as to the quantum of evidence required to prove causation in the face of both a substantial contributing factor and a proximate cause instruction.

* * *

**Moreover, we agree with the explicit rejection of substantial contributing factor language in the recent Restatement (Third) of Torts**: Liability for Physical and Emotional Harm (2010). The Restatement (Second) of Torts used substantial factor language[.] . . .

The latest revision of the Restatement, however, deliberately abandoned this language, explaining:

> **[T]he substantial-factor rubric tends to obscure, rather than to assist, explanation and clarification of the basis of [causation] decisions**. The element that must be established, by whatever standard of proof, is the but-for or necessary-condition standard of this Section. Section 27 provides a rule for finding each of two acts that are elements of sufficient competing causal sets to be factual causes without employing the substantial-factor language of the prior Torts Restatements. There is no question of degree for either of these concepts.

Restatement (Third) of Torts § 26, cmt. j. The comment also specifically references the tendency of courts to at times interpret the language as either raising or lowering the factual causation standard, leading to inconsistent and inaccurate statements of law. *Id.* If courts cannot be relied upon to consistently construe the language, we cannot expect lay jurors to accomplish the same task.

The Restatement (Third) of Torts relies instead on the combination of sections 26 and 27:

§ 26 Factual Cause

Tortious conduct must be a factual cause of harm for liability to be imposed. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. Tortious conduct may also be a factual cause of harm under § 27.

§ 27 Multiple Sufficient Causes

> If multiple acts occur, each of which under § 26 alone would have been a factual cause of the physical harm at the same time in the absence of the other act(s), each is regarded as a factual cause of the harm.
>
> This model, as explicated in the comments, is quite consistent with [Virginia Law regarding] causation.

*Id.* at 729-31 (case citations omitted, emphases added) (reversing and remanding for further proceedings where trial court erroneously failed to sustain defendant's objections to "substantial contributing factor" jury instructions).

In the instant case, the trial court equated the term "substantial factor" with "factual cause" and used them interchangeably. (N.T. Trial, 10/30/13, at 135). It instructed the jury that the terms were "synonymous." (*Id.*). Under Virginia law, however, these terms are not synonymous. In fact, the Virginia Supreme Court has expressly rejected the use of substantial factor language in jury instructions based on its belief that the term lacks "a single, common-sense meaning . . . [and] [t]he substantial-factor rubric tends to obscure, rather than to assist, explanation and clarification of the basis of [causation] decisions." *Boomer*, *supra* at 730 (quoting Restatement (Third) of Torts § 26, cmt. J.). Thus, in the instant case, the **only** causation question the jury was asked to decide on the verdict form—"Was [Appellant's] negligence a substantial factor in bringing about Blake Czimmer's cleft lip/cleft palate?"—was contrary to Virginia law, which finds the term "substantial factor" confusing and easily

capable of being misconstrued by both courts and jurors.  (Verdict Sheet, 10/30/13, at 1); ***see also Boomer***, ***supra*** at 730.

Under these circumstances, I would conclude that the trial court's charge as a whole was inadequate and had a tendency to mislead or confuse rather than clarify a material issue, and that a new trial is therefore warranted.  ***See Passarello v. Grumbine***, 87 A.3d 285, 296 (Pa. 2014) ("Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue") (citation omitted); ***see also Gorman v. Costello***, 929 A.2d 1208, 1213 (Pa. Super. 2007) (determining that jury lacked essential tool needed to make informed decision based on correct and complete legal principles where court failed to give accurate definition of factual cause; judgment vacated and case remanded for new trial). Accordingly, I respectfully dissent.